IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 1:15cr355 |
| | ) | |
| GREGORY POSEY, | ) | Hon. Liam O'Grady |
| | ) | |
| | ) | |
| Defendant. | ) | |

SENTENCING POSITION

COMES NOW, the defendant, Gregory Posey, and respectfully submits his position with respect to sentencing. Because this is a plea pursuant Rule 11(c)(1)(C), most sentencing issues in this case are either irrelevant or uncontested. The only contested issue is with respect to a single restitution claimant, with whom an agreement could not be reached. In further support of his position, Mr. Posey offers the following:

I. Uncontested or irrelevant issues

1. Pursuant to the plea agreement in this case, the Court is required to impose a sentence of 45 months incarceration. Although the defense disagrees with Probation about the application of the distribution enhancement, Probation has correctly noted the immateriality of this issue in this case. Therefore, we will simply stand on the arguments and authority noted in the PSR objections.

2. We would respectfully request a recommendation of Mr. Posey to Petersburg FCI to be near his family, and a recommendation of placement into the RDAP to treat Mr. Posey's alcohol addiction problems. The government does not oppose these requests.

3. We also request self-surrender, and understand the government will defer to the Court on this issue. We would request self-surrender be granted for the same reason that the Court mentioned in granting bond pending sentencing, namely the length of time between arrest and the charging of the case. Also, Mr. Posey has a final medical appointment scheduled on July 6, 2016 at 8 a.m. with Piedmont Family Practice in Warrenton which would be helpful to fulfill before he surrenders to prison.

4. We acknowledge the special assessment, forfeiture, and a term of supervised release are required, we have consented to necessary forfeitures, and we agree with probation that Mr. Posey cannot afford a fine and that Court must impose a term of supervised release of at least five years.

5. Two of the three restitution victims have settled their cases with defense counsel, and there will be final orders which will be submitted to the Court which are agreed to by all parties for those restitution cases.

Contested issue: Restitution for Sarah

Unfortunately, counsel could not reach an agreement with counsel for Sarah, who in asking for $10,000 has pointed out that she rejects the notion of relying on the collective and measured wisdom of a hundred of other judges who have considered essentially identical facts in arriving at their restitution awards. We are attaching a chart as Exhibit A, which shows that Sarah has received a national median and mode award of $3,000 in cases relating to the series of images depicting her client. On the scale of child pornography criminal conduct, distribution and production convictions should receive awards above this median, and receipt and possession should receive awards below it. This is a possession conviction, which is at the lowest end of culpability.

Further, we note that the Eastern District of Virginia appears to generally issue awards at half the national average. Attached as Exhibit B, as an example, is the chart of another victim in this case, Cindy, who has a national median award of $2,000, but an EDVA median award of $1,000, which was the settlement agreed to by the parties in this case. This may be in part due to a reluctance to embrace certain arguments which have dubious legal merit. For instance, Sarah's counsel has suggested that because only 10% of the actual restitution judgments have been collected, she should be awarded a greater sum to offset those who are not paying the awarded amount. This is not a legally meritorious argument, because the Court has no power to order greater restitution than that for which a Defendant is liable simply because other Defendants are failing to pay what they owe. In any event, because this District has generally issued lesser awards, in combination with the fact that this case involves a possession conviction, we submit the appropriate award in this case should be $1,500. We observe that the third victim, Casseaopeia, had a median national award of $3,500 and has settled the case for $1,500. *See* Exhibit C. We further note that Cindy's alleged total damages are roughly half the total damages of Sarah, yet Cindy's EDVA median is $1,000, not $5000. The $10,000 demand made (down from the original demand over $25,000) is greatly out of proportion.

We do not begrudge counsel for Sarah for vigorously and zealously arguing for greater awards on behalf of her client. That is her job. However, a hundred judges have already opined on this issue. Counsel for Sarah offers no meaningful distinction between Mr. Posey's case and the typical child pornography offender which would justify disparate treatment. Her rejection of their collective wisdom of a hundred judges is understandable, but it is tantamount to when we as defense counsel ask the Court in a codefendant case to sentence our client to a different sentence than the other 15 coconspirators received, even though the culpability is virtually identical. It is

Case 1:15-cr-00355-LO   Document 41   Filed 06/24/16   Page 4 of 4 PageID# 372

an argument we are required to make, but the Court is required to avoid unwarranted sentencing disparities. We respectfully request the Court enter a restitution judgment for Sarah in the amount of $1,500.

Respectfully Submitted,

　/s/ John Zwerling_____  
Cary Citronberg  
John Zwerling  
Zwerling/Citronberg P.L.L.C.  
114 North Alfred Street  
Alexandria, VA 22314  
703-684-8000 (office)  
703-684-9700 (fax)  
jz@zwerling.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of June, 2016, the foregoing was filed via ECF, which shall serve a copy on all counsel of record.

　/s/ John Zwerling_____  
Cary Citronberg  
John Zwerling  
Zwerling/Citronberg P.L.L.C.  
114 North Alfred Street  
Alexandria, VA 22314  
703-684-8000 (office)  
703-684-9700 (fax)  
jz@zwerling.com

4